IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JAMIE WILLIAMS, ET AL., | ) | Civil No. 23-00028 LEK-KJM |
| | ) | |
| Plaintiffs, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO DISMISS |
| vs. | ) | PLAINTIFF AUTUMN MCDOWELL'S |
| | ) | CLAIMS FOR FAILURE TO |
| THE UNITED STATES OF | ) | PROSECUTE |
| AMERICA, ET. AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

FINDINGS AND RECOMMENDATION TO DISMISS PLAINTIFF
AUTUMN MCDOWELL'S CLAIMS FOR FAILURE TO PROSECUTE

This matter is one of a number of cases filed in this district in which plaintiffs assert claims under the Federal Tort Claims Act against the United States arising from the 2021 releases of jet fuel at the Red Hill Bulk Fuel Storage Facility. In August 2023, the parties agreed to proceed in this case through a bellwether process. ECF No. 45 at 4–6 ¶ 6. The parties further agreed that each plaintiff would complete a Plaintiff Fact Sheet to provide basic information about his or her claim by February 2024. *Id.* at 3–4 ¶ 5. This deadline was later extended to May 14, 2024. ECF No. 56; ECF No. 58 at 4 ¶ 5(c).

Plaintiff Autumn McDowell ("Ms. McDowell") was added as a plaintiff in this action in December 2023. ECF No. 53. Since joining this action, Ms. McDowell has not submitted a Plaintiff Fact Sheet or discovery responses. Ms.

McDowell is also not responding to her counsel, despite counsel's repeated attempts to contact her. *See* ECF No. 178 at 2; ECF No. 179-3 at 4; ECF No. 179-4 at 2; ECF No. 179-5 at 2.

Trial is set for April 12, 2027. ECF No. 165 at 2 ¶ 1. The Court has indicated that "[t]here will be no further continuance of the trial date." *Id.* The fact discovery deadline is March 6, 2026. *Id.* at 4 ¶ 7(a).

On December 17, 2025, Defendant United States of America ("Defendant") filed a Motion for an Order to Show Cause as to Why Autumn McDowell's Claims Should Not Be Dismissed for Failure to Prosecute ("Motion for OSC"). ECF No. 171. On January 14, 2026, the Court issued an order granting the Motion for OSC and an Order to Show Cause ("01/14/2026 OSC"). ECF No. 180. Therein, the Court ordered Ms. McDowell to show cause in writing by January 30, 2026, why this action should not be dismissed for failure to prosecute. Ms. McDowell did not file a response to the 01/14/2026 OSC.

## DISCUSSION

The Supreme Court has previously stated: "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an inherent power . . . ." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (internal quotation marks and citations omitted). Courts must weigh five factors to determine whether to dismiss a case for lack of prosecution: (1) the public's

interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citation omitted). For the reasons discussed below, the Court finds that dismissal of Ms. McDowell's claims is appropriate given her failure to prosecute.

The first two factors—the public's interest in expeditious resolution of litigation and the court's need to manage its docket—weigh in favor of dismissal. "The public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Ms. McDowell has not submitted a Plaintiff Fact Sheet, which was due in May 2024. She has not actively participated in this litigation or discovery. Ms. McDowell's "failure to prosecute and failure to abide by Court orders prevents the expeditious resolution of litigation and impedes the Court's need to manage its docket." *Bonds v. Cnty. of San Bernardino*, Case No. EDCV 23-1395-KK-SHKx, 2025 WL 806339, at *2 (C.D. Cal. Jan. 22, 2025).

The third factor—the risk of prejudice to Defendant—weighs in favor of dismissal. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642 (citing *Malone v. U.S.*

*Postal Serv.,* 833 F.2d 128, 131 (9th Cir. 1987)). Ms. McDowell's lack of participation in discovery and this litigation prevents Defendant from understanding her claims, evaluating whether she should be selected as a bellwether, tailoring written discovery, and preparing for her deposition and trial. This prejudices Defendant's ability to defend this case. *Bonds*, 2025 WL 806339 at *2 (citing cases).

     The fourth factor—the availability of less drastic alternatives—weighs in favor of dismissal. The Court has carefully considered less drastic alternatives. The record shows that Ms. McDowell's attorneys have made numerous attempts to contact her regarding this case. The Court subsequently issued the 01/14/2026 OSC, warning Ms. McDowell that failure to respond would result in a recommendation that the district court dismiss her claims. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228–29, 1237 (9th Cir. 2006) (recognizing that warnings can satisfy the "availability of less drastic sanctions" factor). The Court finds that recommending a lesser sanction would be futile because Ms. McDowell has demonstrated that such action would not compel her to take the necessary steps to prosecute this action.

     The fifth factor—the public policy favoring the disposition of cases on their merits—always weighs against dismissal. *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (citation omitted). The Court finds, however, that this factor is

4

not sufficient to outweigh the other four factors that support dismissal. *Malone*, 833 F.2d at 133 n.2.

Because four of the five factors weigh in favor of dismissal, the Court finds that dismissal is appropriate. *Dreith*, 648 F.3d at 788 (explaining that dismissal is appropriate where "at least four factors support dismissal, or where at least three factors strongly support dismissal" (quoting *Yourish*, 191 F.3d at 990)). Notwithstanding this finding, the four factors do not provide sufficient grounds to support dismissal with prejudice. *Cf. In re Lagmay*, CIV. NO. 15-00166 DKW/RLP, 2015 WL 5970667, at *2 (D. Haw. Oct. 13, 2015) (concluding that dismissal with prejudice is appropriate when at least three of the *Pagtalunan* factors weighed "strongly" in support of dismissal), *aff'd sub nom.*, *Lagmay v. Nobriga*, 671 F. App'x 1001 (9th Cir. 2016). Accordingly, this Court recommends that the district court dismiss Ms. McDowell's claims against Defendant without prejudice.

//
//
//
//
//
//

CONCLUSION

Based on the foregoing, the Court FINDS and RECOMMENDS that the district court DISMISS WITHOUT PREJUDICE Ms. McDowell's claims against Defendant for failure to prosecute.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, February 5, 2026.



Kenneth J. Mansfield
United States Magistrate Judge

*Williams, et al. v. United States*, Civil No. 23-00028 LEK-KJM; Findings and Recommendation to Dismiss Plaintiff Autumn McDowell's Claims for Failure to Prosecute